UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| MICHAEL DIXON, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CV414-021 |
| MR. TATUM, | ) ) ) |
| Respondent. | ) ) |

# REPORT AND RECOMMENDATION

Serving a federal sentence, Michal Dixon seeks 28 U.S.C. § 2241 relief. Doc. 1. The Court **GRANTS** his *in forma pauperis* motion (doc. 3), but upon preliminary review, his petition must be **DISMISSED**. Doc. 1. Dixon's "cut-and-paste" petition,[1] boiled down, says this: Because he has completed a federal Bureau of Prisons substance abuse program he is entitled to a sentence reduction. Doc. 1 at 3-5. He relies on 18 U.S.C. § 3621(e) and 18 U.S.C. § 3582. Doc. 1 at 5, 11.

Because Dixon is in custody in New Hampshire, doc. 1 at 12, he must seek relief in that district. While an action brought pursuant to §

---

[1] It is largely preprinted, with fill-in-the-blanks passages. Pages 1-5 refer to "Michael Dixon," while pages 6-7 are taken from some sort of brief involving a "Mr. McCloud."

2241 is the proper vehicle for challenging the *execution* of a sentence (which is what Dixon seeks to do), rather than its validity, "courts outside the district of a petitioner's incarceration do not have jurisdiction over a petitioner's § 2241 motion. *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991)." *United States v. Agosta*, 505 F. App'x 893, 894 (11th Cir. 2013). This case, therefore, must be dismissed, for this Court has no power to hear it.

And even if Dixon were properly before this Court, he has failed to exhaust BOP administrative remedies. As was recently explained in another § 2241 case seeking similar relief:

> The BOP has a three-tier administrative remedy program. 28 C.F.R. §§ 542.13–542.15. The inmate's first step is to attempt informal resolution of his grievance with staff, and if unsuccessful, file a formal grievance on form 13P-9 with the Warden. *Id.* §§ 542.13(a), 542.14(a). The inmate's second step, if dissatisfied with the Warden's response, is to appeal to the appropriate Regional Director using form 13P-10. *Id.* § 542.15(a). The inmate's third step, if dissatisfied with the Regional Director's response, is to appeal to the General Counsel (Central Office) using form BP-11. *Id.* An inmate has exhausted his administrative remedies when the inmate receives a response from the Central Office or when the Central Office has exceeded its time to reply. *Id.* §§ 542.15(a), 542.18. The total response time through each level of review is

90 days. *Id.* § 542.18 (the Warden has twenty calendar days to respond, the Regional Director has thirty calendar days to respond, and the General Counsel has forty calendar days to respond).

*Myrland v. United States,* 2013 WL 4501047 at *2 (D. Minn. Aug. 22, 2013), cited in *Glowka v. Zeigler,* 2014 WL 37087 at *5 (S.D. W.Va. Jan. 6, 2014).

Finally Dixon invokes an "early release" mechanism (others include "compassionate release" under 18 U.S.C. § 3582(c)(1)(A) ) which must *start* with a motion for early release made to this Court by the BOP. Whether the BOP chooses to file that motion is judicially unreviewable:

> The Eleventh, Ninth, and Seventh Circuit Courts of Appeal have held that the BOP's decision whether to file a motion for early release under the predecessor to § 3582(c)(1)(A)(i) is not judicially reviewable because Congress gave the BOP absolute discretion to move for an inmate's early release, thus expressing an intent to preclude judicial review. *See Fernandez v. United States,* 941 F.2d 1488, 1493 (11th Cir. 1991); *Simmons v. Christensen,* 894 F.2d 1041, 1043 (9th Cir.1990); *Turner v. U.S. Parole Comm'n,* 810 F.2d 612, 615 (7th Cir.1987) ("the absence of mandatory language in this provision also immediately suggests the breadth of discretion characteristic of nonreviewable authority.") The Sixth Circuit agreed and further held federal courts lack authority to review a decision by the BOP under § 3582(c)(1)(A). *Crowe v. U.S.,* 430 Fed.Appx. 484, 485 (6th Cir. 2011) (per curiam).

*Myrland*, 2013 WL 4501047 at * 8; *see also Tapia v. United States*, 564 U.S. ___, 131 S. Ct. 2382, 2390-91(2011) (decision making authority for BOP rehabilitation programs "rests with the BOP"); *Fellove v. Wells*, 2012 WL 1638674 at *1 (S.D. Ga. Apr. 17, 2012); *Alvarez v. Wells*, 2013 WL 325239 at *3 (S.D. Ga. Jan. 2, 2013).

As Dixon is not confined in this District, he may not seek § 2241 relief in this Court. His petition, therefore, should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this 3rd day of March, 2014.

> UNITED STATES MAGISTRATE JUDGE
> SOUTHERN DISTRICT OF GEORGIA